IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| ELBA B. FUNES, | ) | |
| | ) | CASE NO. BK05-85543 |
| Debtor(s). | ) | A06-8001 |
| GE MONEY BANK, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| ELBA B. FUNES, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. #18). The debtor has not responded. Thomas J. Garvey represents the debtor, and Margaret A. McDevitt represents the plaintiff. The motion was taken under advisement as submitted without oral arguments.

The plaintiff issued a Dillard's Elite credit card to the debtor in February 1998. The plaintiff filed this adversary proceeding alleging that, within 60 days of filing bankruptcy, the debtor charged $2,880.83 worth of luxury goods and services to the card, at a time when she was insolvent and had no present or realistic ability to repay the charges. The plaintiff alleges the debtor made false representations concerning her ability to pay, which the plaintiff relied on to its detriment, and the debt should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and (C).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

To withstand a motion for summary judgment, the non-moving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Austin v. Minnesota Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (quoting Hase v. Missouri Div. of Employment Sec., 972 F.2d 893, 895 (8th Cir. 1992), cert. denied, 508 U.S. 906 (1993)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery

and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

The Bankruptcy Code prohibits debtors from discharging debts "incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an honest but unfortunate debtor." Cohen v. de la Cruz, 523 U.S. 213, 217 (1998) (internal citation omitted).

Section 523(a)(2)(C) was enacted to prevent consumer debtors from going on buying sprees in anticipation of filing bankruptcy. The subsection creates the presumption that consumer debts of more than $1,225 for luxury goods or services incurred by an individual debtor on or within 60 days before the order for relief are nondischargeable. "Luxury goods and services" are those not reasonably acquired for the support or maintenance of a debtor or his or her dependents. To establish nondischargeability, the creditor must prove the debt is: 1) a consumer debt for luxury goods or services, 2) of an individual, 3) owed to a single creditor, 4) totaling more than $1,225, and 5) incurred within 60 days before the order for relief, i.e. the date of filing the Chapter 7 petition (11 U.S.C. § 301). John Deere Cmty. Credit Union v. Feddersen (In re Feddersen), 270 B.R. 733, 736 (Bankr. N.D. Iowa 2001).

The creditor in this case served the debtor with requests for admissions concerning each element of the case. The debtor did not respond; therefore, each element is deemed admitted. Fed. R. Bankr. P. 7036; Fed. R. Civ. P. 36. Because the debtor has not demonstrated the existence of any factual dispute, the plaintiff is entitled to entry of judgment.

IT IS ORDERED: GE Money Bank's motion for summary judgment (Fil. #18) is granted. Separate judgment will be entered. GE Money Bank may also recover its costs and reasonable attorney's fees upon the filing of an affidavit, with notice to debtor and time to object.

DATED:      July 25, 2006

                                                BY THE COURT:

                                                /s/ Timothy J. Mahoney
                                                Chief Judge

Notice given by the Court to:
    Thomas J. Garvey
    *Margaret A. McDevitt
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.